**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JORGE DOMINGUEZ, AKA Boxer, Defendant-Appellant. | No.   14-50454 D.C. No. 2:12-cr-00793-PA-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 13, 2017[**]
Pasadena, California

Before:  TROTT, McKEOWN, and WATFORD, Circuit Judges.

Pursuant to a negotiated plea agreement, Jorge Dominguez pleaded guilty to one count of conspiracy to distribute methamphetamine, a crime carrying a mandatory minimum sentence of ten years.  Subsequently, he filed a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withdraw his plea on the grounds that (1) he believed according to his plea agreement that the court would have discretion to impose a sentence lower than the statutory ten-year minimum, (2) his plea was not knowing and intelligent and thus not voluntary, and (3) his counsel's performance was constitutionally deficient.

The district court conducted a thorough hearing on Dominguez's claims and denied them all. The court concluded that Dominguez had failed to establish a fair and just basis to support his request. Based on (1) the language of his written plea agreement, (2) his answers to the oral colloquy at the time of the plea, and (3) his attorney's sworn answers to interrogatories that he told his client before the plea that "the law required the court to sentence him to no less than 10 years," the court determined that Dominguez understood full well that he faced a mandatory minimum sentence of 10 years.

Dominguez appeals the court's rulings, attacks the sufficiency of the court's Rule 11 colloquy, and presents us with a stand-alone claim of ineffective assistance of counsel.

The record amply supports the court's factual findings and denial of Dominguez's motion to withdraw his plea. As the court concluded, "He simply wanted a better deal and, when confronted with witness tampering, decided to take the government's deal." Also, we perceive no error in the Rule 11 exchange.

2

Ordinarily we leave claims of ineffective assistance of counsel to collateral review. However, when the record on this issue has been sufficiently developed by the district court, we have discretion to do so on direct appeal. United States v. Davis, 36 F.3d 1424, 1433 (9th Cir. 1994). Because Dominguez's issue of representation rests on the same factual foundation as his attempt to withdraw his plea, and the record on it is full and complete, we exercise our discretion to decide it in this context.

On the merits, we agree with the district court's findings: "The evidence showed that prior counsel fully discussed with the defendant his case, his chances of success, including his weak entrapment defense, and the evidence of the informant's conviction." When the defendant's attempt to tamper with witnesses came to light, counsel's options were severely degraded.

AFFIRMED.